# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR, | Case No. 1:25-cv-478-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | (ECF No. 1) |
| | **T**HIRTY **(30) DAY DEADLINE** |
| Defendant. | |

Plaintiff Glenn O'Connor ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed in Valley State Prison in Chowchilla, California. Plaintiff alleges the events in the complaint occurred while he was housed at California Substance Abuse Treatment Facility ("SATF"). Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") as the sole defendant.

Plaintiff alleges violations of Title II of the A.D.A. and the Eighth Amendment of the Constitution. Plaintiff alleges:

> "Petitioner was placed into restricted housing unit upon reception into SATF. Custody staff refused to permit petitioner to possess his personal rollator walker inside the large cell. Petitioner was partially paralyzed and had to use the walker by doctor's orders. Petitioner was at high risk for falls, but had to walk from the bed at the rear of the cell to the front to get his food, medication or use the bathroom. Petition was constantly afraid he would fall again.
>
> Petitioner filed an ADA appeal. The ADA coordinator responded posting a computer generated door sign on petitioner's cell door. It authorized his possession of his prescribed walker. Custody staff continued to deny petitioner the walker.

Plaintiff alleges he was in a constant state of fear of falling.

As remedies, Plaintiff states that the prison already changed the offending policy and petitioner seeks monetary damages.

2

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Because he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

As explained below, Plaintiff's complaint fails to state a claim. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

**Eleventh Amendment**

To the extend Plaintiff is claiming money damages against CDCR for an Eighth Amendment claim, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund*

3

*Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

**Americans With Disabilities Act**

The Americans with Disabilities Act provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Id.* § 12131(2). The Supreme Court has held that "public entity" includes state prisons. *United States v. Georgia*, 546 U.S. 151, 154 (2006) (citation omitted). To state a claim under the ADA, the plaintiff must have been "improperly excluded from participation in, and denied the benefit of, a prison service, program, or activity on the basis of his physical handicap." *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997). In addition, "[t]o recover monetary damages under Title II of the ADA ... a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is at least deliberate indifference. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff does not state a viable claim under the ADA. He alleges that defendant CDCR denied him adequate accommodations, but he does not allege facts that show he was excluded from participation in, or denied the benefits of, any service or programs offered by the prison because of his disability, or that he was subjected to any type of discrimination by reason of his

disability. Further, any allegations of inadequate medical care do not state a claim under the ADA. *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

**Eighth Amendment**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's complaint fails to state a claim for medical deliberate indifference. Plaintiff fails to allege any individual defendant knew of and disregarded an excessive risk to his serious medical need.

**IV.    Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

5

1  state a cognizable claim under 42 U.S.C. § 1983.  As Plaintiff is proceeding pro se, the Court will
2  grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the
3  extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

4      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
5  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556
6  U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must
7  be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555
8  (citations omitted).

9      Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
10  claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no
11  "buckshot" complaints).

12      Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
13  *Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended
14  complaint must be "complete in itself without reference to the prior or superseded pleading."
15  Local Rule 220.

16      Based on the foregoing, it is HEREBY ORDERED that:

17      1.    The Clerk's Office shall send Plaintiff a complaint form;

18      2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an
19  amended complaint curing the deficiencies identified by the Court in this order (or file a notice of
20  voluntary dismissal); and

21      3.    If Plaintiff fails to file an amended complaint in compliance with this order, the
22  Court will recommend dismissal of this action, with prejudice, for failure to obey a court order
23  and for failure to state a claim.

24
25  IT IS SO ORDERED.

26      Dated:   **July 17, 2025**               /s/ *Barbara A. McAuliffe*
27                                                         UNITED STATES MAGISTRATE JUDGE
28