GLENN O'CONNOR
B71820  A3-144
VALLEY STATE PRISON
PO BOX 92
CHOWCHILLA, CA. 93610
plaintiff pro se

FILED
NOV 10 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

GLENN O'CONNOR,
   plaintiff,
v.
CDCR,
   defendants

CASE NO.
1:25-cv-00478-~~BAM KES~~ KES-BAM

Plaintiffs' motion (pc) for denial of DISTRICT Court's recommendations for dismissal.

Plaintiff has been unable to respond to orders of the court, as follows:

1) Plaintiff never received notice. VSP staff should have forwarded the mail, but did not.

(1)

2) Plaintiff had a medical emergency which threatened his life. Prison staff sent him to an outside hospital which evaluated and treated him for some ten days. Due to the nature of the medical problem, plaintiff was rehoused in Stocktons' California Health Care Facility.

Plaintiff was designated as "treat and return"; such patients get no property, not even a toothbrush!

Then COVID-19 hit the unit, and plaintiff's housing unit was placed on "Break Out Phase"; no movement of prisoners.

Thus, plaintiff was held incommunicado during his entire stay, some 75 days. No property, no movement to the library. (Incommunicado from JULY 30 to now.)

(2)

Now rehoused in Valley State Prison and having been re-issued his property, plaintiff was able to access the Law Library by asking to go, then waiting for a "priority ducat".

Plaintiff was shocked to see his case was already screened, and also oddly, a different judge was requested to complete the screening process (now referred to as dismissal).

3) <u>PLAINTIFF CAN CORRECT ERRORS</u>

Plaintiff can correct the errors in the original pleading; a second pleading would abandon the ADA claim and substitute a valid Eighth Amendment claim.

The problem plaintiff faced from the onset is still controlling;

(3)

The department has kept all information about the errant staff members secret. The only information plaintiff received was that his complaint was "Sustained". (EXHIBIT 1).

Plaintiff's Amended complaint would necessitate the use of "JOHN OR MARY DOES" as named defendants. Plaintiff could then use discovery or attempt a court order to force the Warden of SATF to name the disciplined staff.

Nov. 04, 2025

Respectfully,
Glenn O'Connor
GLENN O'CONNOR
plaintiff

(4)

## VERIFICATION

I, GLENN O'CONNOR, swear under the penalty of perjury that the foregoing is the truth.

11-04-25

*Glenn O'Connor*

GLENN O'CONNOR

(5)

*EXHIBIT 1*

| | |
|---|---|
| State of California | Department of Corrections and Rehabilitation |

**Memorandum**

Date:   August 5, 2024

To:   O'Connor B71820
      VSP Facility B
      B 1 115L

Subject: **ALLEGATION OF STAFF MISCONDUCT RESPONSE REGARDING ALLEGATIONS AGAINST STAFF TRACKING SYSTEM LOG NUMBER 20067461**

The California Department of Corrections and Rehabilitation (CDCR) received your allegation of staff misconduct on 6/6/2024. In your complaint, you made the following allegations:

Claim #1-Claimant alleged they were not allowed to have their walker in their cell and wishes to be transferred somewhere it will be allowed in their cell.

The allegation(s) was/were processed in accordance with the CDCR staff misconduct regulations set forward in the California Code of Regulations (CCR), Title 15, section 3486, Allegations of Staff Misconduct Towards an Incarcerated Person or Parolee.

The processes set forth in CCR, Title 15, section 3486.01 have concluded, and the Hiring Authority has made the following determination regarding each allegation:

Claim #1- SUSTAINED.

No information related to any personnel action will be conveyed in this/these matter(s).

—DocuSigned by:
*Ronald Rackley*
—CE33FD6BAE3A439...
RAUL MORALES
Warden (A)
Substance Abuse Treatment Facility

(6)